| | |
|---|---|
| STATE OF MAINE<br>YORK, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

LARA CARLSON, of )
Kennebunkport, County of York )
And State of Maine, )
                                      )
       Plaintiff )
                                      )
       v. )
                                      )
UNIVERSITY OF NEW ENGLAND )       COMPLAINT
A Nonprofit Corporation )
organized under the laws )
of the State of Maine )
with a principal place of business in )
Biddeford, Maine )
                                      )
                                      )

NOW COMES the Plaintiff, Lara Carlson, through undersigned counsel, TERRY GARMEY & ASSOCIATES, and complains against the Defendant, the University of New England, as follows:

1. At all times material herein, Plaintiff Lara Carlson was and remains a resident of Kennebunkport, in the County of York, and the State of Maine.

2. Upon information and belief, at all times material herein, Defendant, the University of New England ("UNE"), was and remains a Nonprofit Corporation organized under the laws of the State of Maine with a principal place of business in Biddeford, County of York, and State of Maine.

## FACTUAL BACKGROUND

3. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if set forth fully herein.

4. In 2009, Plaintiff Lara Carlson was hired by Defendant University of New England in a tenure track position in the Westbrook College of Health Professors, Exercise and Sport Performance Department.

5. Ms. Carlson was specifically hired to teach courses within her specialty of exercise performance, including the course Exercise Physiology.

6. In 2009 Ms. Carlson also created UNE's first team for the New England Chapter of the American College of Sports Medicine (NEACSM) student College Bowl competition.

7. Ms. Carlson was successfully able to recruit students from her exercise performance based classes to conduct research in her field and obtain grant funding that is pivotal to her career as a scholar.

8. In 2012 Paul Visich was hired as the chairperson of the Exercise and Sport Department and became Ms. Carlson's supervisor.

9. Shortly after Mr. Visich became Ms. Carlson's supervisor, he began making inappropriate sexual comments to her, sending her inappropriate sexually charged emails, and touching her inappropriately.

10. On September 28, 2012, Ms. Carlson properly and promptly notified Defendant University of New England Human Resources Department of Mr. Visich's inappropriate behavior.

11. Defendant University of New England never made a formal report of its investigation into Ms. Carlson's complaint.

12. Defendant University of New England took no action against Mr. Visich and allowed him to continue as Ms. Carlson's supervisor.

13. Following Ms. Carlson's complaint against Mr. Visich, Mr. Visich wrote a negative performance evaluation of Ms. Carlson, and untimely delivered it to Ms. Carlson in such a manner that did not allow Ms. Carlson to address her concerns prior to its filing in her employment record.

14. On October 9, 2013, Mr. Visich removed Ms. Carlson as head of the NEACSM student college bowl team, which she had successfully led for four years.

15. On January 29, 2014, Ms. Carlson met with the Dean of her department, Elizabeth Francis-Connolly and HR Director, Sharen Bealieau to request a surrogate chair to escape the treatment of her supervisor, Mr. Visich.

16. Dean Francis-Connolly recommended removing Ms. Carlson from her college where she worked under Mr. Visich and Ms. Carlson refused.

17. On March 11, 2014, Dean Francis-Connolly appointed herself as Ms. Carlson's supervisor.

18. On March 31, 2014, Dean Francis-Connolly removed Ms. Carlson from her department, Exercise and Sport Performance (ESP), and Ms. Carlson became the only fulltime professor at Defendant UNE to be working outside of a department.

19. In July of 2014, Ms. Carlson was told by her former advisee student that Defendant UNE sent an email to Ms. Carlson's former advisee students explaining she would no longer be advising them. This email did not explain the reason why Ms. Carlson was removed from her advisory role.

20. On November 6, 2014, Ms. Carlson filed a Complaint for Sexual Harassment and Retaliation in violation of § 4572-A and § 4633 of the Maine Human Rights Act.

21. That year Ms. Carlson received a minimal merit raise for "satisfactory" work despite her exceptional performance in teaching, scholarship and service. This raise was the lowest she received as a professor at UNE.

22. In March of 2015 Ms. Carlson read UNE's Fall course listings and discovered she would no longer be teaching Exercise Physiology, which she had taught successfully for five years, or Environmental Physiology, which she developed and taught from its inception.

23. Dean Francis-Connolly refused to allow Ms. Carlson, a tenured professor with a doctorate degree in exercise physiology, to teach Exercise Physiology and Environmental Physiology. Dean Francis-Connolly instead tasked Ms. Carlson with teaching only introductory research courses and a course in the Physician's Assistant curriculum outside of her expertise.

24. Defendant UNE hired a visiting professor without a doctoral degree in exercise physiology to teach Ms. Carlson's former course, Exercise Physiology.

25. In July of 2015 Mr. Visich lead a campaign to successfully remove Ms. Carlson from the Exercise Sport Performance Department's website.

26. On November 3, 2015 Ms. Carlson was given Notice of her Right to Sue, in accordance with the Maine Human Rights Act, 5 M.R.S.A. § 4612 et. seq.

## COUNT I: VIOLATION OF THE MAINE HUMAN RIGHTS ACT 5 M.R.S.A § 4633

27. Plaintiff repeats and reallages the allegations set forth in the paragraphs above as if set forth fully herein.

28. Ms. Carlson has complied with all of the provisions of the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq.

29. Defendant UNE employs over 500 employees for more than 20 weeks in a calendar year. Ms. Carlson is one of Defendant's employees.

30. Defendant UNE retaliated against Ms. Carlson because she made a complaint of sexual harassment.

31. Ms. Carlson engaged in a protected activity by complaining to Defendant's Human Resources Department and by filing a Complaint with the Maine Human Rights Commission.

32. Because Ms. Carlson complained to UNE about Professor Visich, Ms. Carlson was removed from leading the University's College Bowl team.

33. Because Ms. Carlson complained to UNE about Professor Visich, she received a negative performance review.

34. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE removed Ms. Carlson from the Exercise and Sport Performance Department website and consequently, potential corporate grant funding and research partners can no longer easily access Ms. Carlson on Defendant UNE's website to collaborate with her on research projects.

35. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE removed Ms. Carlson from teaching classes in her expertise of exercise sport performance and consequently, Ms. Carlson no longer has the ability to recruit students for research and is consequently missing valuable grant and research opportunities.

36. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE has not provided Ms. Carlson with a qualified chair in her

department of academia and consequently, Ms. Carlson does not have adequate guidance for her career, research, and/or academia.

37. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE has removed Ms. Carlson from the department which she was hired and qualified to be a member of and consequently, Ms. Carlson is in a disorganized, fluctuating position with uncertainty and no proper support or peace of mind for her future at UNE.

38. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE provided her with a drastically reduced merit raise in spite of her academic and scholastic accomplishments for the year.

39. Defendant UNE subjected Ms. Carlson to adverse employment action, including but not limited to, removing from the ESP department, removing her from the ESP website, removing her from the classes she was hired for and most qualified to teach, removing her from the NEACSM Bowl team she created at UNE, providing a negative performance evaluation, providing a minimal merit raise in spite of her achievements, and removing her research and grant opportunities.

40. Defendant UNE took the above-described adverse action against Ms. Carlson because she made a Complaint to Defendant's Human Resources Department and because Ms. Carlson filed a Complaint with the Maine Human Rights Commission.

41. As a result of Defendant UNE's actions, Ms. Carlson has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, financial loss, and lost earnings capacity.

## COUNT II: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C.A. § 2000e- et seq.

42. Plaintiff repeats and reallages the allegations set forth in the paragraphs above as if set forth fully herein.

43. Defendant UNE retaliated against Ms. Carlson because she made a complaint of sexual harassment.

44. Ms. Carlson engaged in a protected activity by complaining to Defendant's Human Resources Department and by filing a Complaint with the Maine Human Rights Commission.

44. Because Ms. Carlson complained to UNE about Professor Visich, Ms. Carlson was removed from leading the University's College Bowl team.

45. Because Ms. Carlson complained to UNE about Professor Visich, she received a negative performance review.

46. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE removed Ms. Carlson from the Exercise and Sport Performance Department website and consequently, potential corporate grant funding and research partners can no longer easily access Ms. Carlson on Defendant UNE's website to collaborate with her on research projects.

47. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE removed Ms. Carlson from teaching classes in her expertise of exercise sport performance and consequently, Ms. Carlson no longer has the ability to recruit students for research and is consequently missing valuable grant and research opportunities.

48. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE has not provided Ms. Carlson with a qualified chair in her department of academia and consequently, Ms. Carlson does not have adequate guidance for her career, research, and/or academia.

49. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE has removed Ms. Carlson from the department which she was hired and qualified to be a member of and consequently, Ms. Carlson is in a disorganized, fluctuating position with uncertainty and no proper support or peace of mind for her future at UNE.

50. Because Ms. Carlson filed a Complaint with the Maine Human Rights Commission, Defendant UNE provided her with a drastically reduced merit raise in spite of her academic and scholastic accomplishments for the year.

51. Defendant UNE subjected Ms. Carlson to adverse employment action, including but not limited to, removing from the ESP department, removing her from the ESP website, removing her from the classes she was hired for and most qualified to teach, removing her from the NEACSM Bowl team she created at UNE, providing a negative performance evaluation, providing a minimal merit raise in spite of her achievements, and removing her research and grant opportunities.

52. Defendant UNE took the above-described adverse action against Ms. Carlson because she made a Complaint to Defendant's Human Resources Department and because Ms. Carlson filed a Complaint with the Maine Human Rights Commission.

53. Ms. Carlson opposed Defendant's illegal discrimination and other above-mentioned unlawful practices of Defendant UNE in violation of Title VII.

54. Defendant UNE has discriminated against Ms. Carlson because she opposed these practices.

55. Ms. Carlson has made a charge, through her Complaint to the Maine Human Rights Commission that Defendant UNE has discriminated and retaliated against her for complaining about Mr. Visich and UNE's inappropriate conduct toward her.

56. Ms. Carlson has testified against Defendant UNE and has assisted and participated in Maine Human Rights Commission hearings against Defendant UNE.

57. Defendant UNE has discriminated against Ms. Carlson because she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing against Defendant UNE.

58. As a result of Defendant UNE's actions, Ms. Carlson has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, financial loss, and lost earnings capacity.

## COUNT III: PUNITIVE DAMAGES

59. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if set forth fully herein.

60. Defendant UNE's conduct in intentionally and/or recklessly retaliating against Ms. Carlson, as outlined above, was so outrageous that malice may be implied and, as a result, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for an order to cease and desist from the unlawful practices specified above, and for damages including but not limited to, compensatory damages, punitive damages, attorney's fees and damages which this Court deems reasonable together with interest and costs.

DATED at Portland, Maine this 4th day of January, 2016.

David Kreisler, Esquire, (ME Bar# 8098)
Christopher A. Harmon, Esquire (ME Bar# 5432)
Attorneys for Plaintiff, Lara Carlson

TERRY GARMEY & ASSOCIATES
482 Congress Street, Suite 402
Portland, ME 04101
Tel: (207) 899-4644
Fax: (207) 541-9242